UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUREECE STONE CLARK,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, et al.,

    Defendants.

Case No. 23-cv-00967-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a detainee at Napa State Hospital ("NSH"), filed this civil rights complaint under 42 U.S.C. § 1983 against the Social Security Administration, the Marin County Sheriff's Department, and the California Department of State Hospitals. (ECF No. 1 at 2-3.) Plaintiff filed 12 cases in this court, including this one, in approximately six months.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons explained below, the complaint is DISMISSED. Plaintiff's motions and other requests are also addressed below.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of

---

[1] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Marin County District Attorney, et al.*, No. C 22-5557 JSC; *Clark v. Ahern, et al.*, No. C 22-6171 JSC; *Clark v. Board of Equalization,* No. C 22-6169 JSC; *Clark v. Supervisors for Marin County,* No. C 22-6173 JSC; *Clark v. Medical Board of California, et al.,* No. C 22-6174 JSC; *Clark v. Commission on Judicial Performance*, et al., No. C 22-6204 JSC; *Clark v. Alameda Cty. Dep't. of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Global Tel*Link Corp., et al.*, No. C 22-6170 JSC; *Clark v. Marin County Sherriff's Dep't.*, et al., No. C 22-7295 JSC.

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

The complaint sets forth the following claim:

> [T]he defendant(s) willful failure, refusal of my just compensation of trust fund under the Fifth Amendment, move this court for this cause of action of the attached prima facie evidence of their bad faith by false identifiable titles of Nobility as bonded public servants own self profits and / or stock shareholders corporate profits as CONTRACTORS to restrain and monopolizing me of the benefits pursuant to the rules of commerce using the commercial Monetary Debit / Credit System in order to control our American Federal Gov't Rights of Free and Just trade, invasion of privacy, deliberate indifference for failure to state a claim which relief can be granted. The violation of the American Disabilities Act, Administrative

> Procedures Act, Negotiable Instruments Act, Privacy Act of 1974, 1940 Fiduciary Duty and Obligations Act, and the Social Security Act unlawful private communications between each defendant(s) depriving my rights under color of law is abuse and are liable of the compelled benefit of any unrevealed contracts or commercial agreements and I am entitled to the interest, benefits and all money damages as my relief pursuant to the Civil Rights Act of 1964 without due process of law as my right to life, liberty and pursuit of happiness.

(ECF No. 1 at 4.)

A claim that is totally incomprehensible is frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis). Plaintiff's claim is wholly incomprehensible. The Court cannot discern the meaning of a "trust fund under the Fifth Amendment," the "false identifiable titles of Nobility," "the rules of commerce using the commercial Monetary Debit / Credit System," or "deliberate indifference for failure to state a claim which relief can be granted" for example. (*Id.*) The complaint makes a conclusory allegation that defendants violated a host of federal laws. (*Id.*) He alleges that unspecified "unlawful private communications between each defendant(s)" violated his rights, but he does not specify what those communications concerned let alone explain how they violated any of the myriad federal laws he lists. (*Id.*) For these reasons, the Court finds the complaint incomprehensible (and therefore frivolous) and as such, moreover, the Court cannot discern any way for it to be cured by amendment. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility). Accordingly, the case is dismissed without leave to amend.

//

//

**CONCLUSION**

For the reasons explained above, this case is DISMISSED without leave to amend.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 27, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge